# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60210-5-II |
| Respondent, | |
| v. | |
| KENNETH D. BOLDEN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Kenneth D. Bolden appeals the superior court's order denying a post-conviction motion to appoint counsel. Bolden argues that the relevant statute allowing for appointment of counsel related to post-conviction DNA motions, RCW 10.73.170(4), is unconstitutionally vague. Because Bolden raises his challenge to the statute for the first time on appeal, we decline to address it.[1] Therefore, we affirm the superior court's order denying Bolden's post-conviction motions.

## FACTS

In 2000, Bolden pleaded guilty to one count of first degree robbery, two counts of first degree burglary, two counts of residential burglary, and three counts of second degree robbery.

---

[1] Bolden also filed a statement of additional grounds (SAG) under RAP 10.10 seeking to withdraw his 2000 guilty plea due to an alleged issue related to restitution. RAP 10.10(a) provides, "In a criminal case on direct appeal, the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel." The only decision under review in this appeal is the superior court's order denying Bolden's post-conviction motions. Accordingly, Bolden's SAG is outside the scope of RAP 10.10(a), and we do not address it further.

The superior court imposed an exceptional sentence above the standard range of 200 months of confinement.[2]

On June 16, 2023, Bolden filed a motion for post-conviction DNA testing. The motion stated:

> COMES NOW the defendant, Kenneth Bolden, Pro Se, in necessity, moving this Honorable court pursuant to RCW 10.73.150[3] and 10.73.170[4], to

---

[2] Bolden should have completed serving his sentence for these offenses, but he is currently incarcerated.

[3] RCW 10.73.150 provides for the right to counsel in certain post-conviction circumstance including when an offender files a direct appeal or prosecutes a collateral attack on a judgment and sentence that (1) has been determined to not be frivolous and (2) is not a second, or subsequent petition—neither of which apply here. RCW 10.73.150(1), (4). Further, despite the reference to RCW 10.73.150 in this sentence, Bolden made no other reference to counsel in this motion.

[4] RCW 10.73.170 provides:

> (1) A person convicted of a felony in a Washington state court who currently is serving a term of imprisonment may submit to the court that entered the judgment of conviction a verified written motion requesting DNA testing, with a copy of the motion provided to the state office of public defense.
> (2) The motion shall:
> (a) State that:
> (i) The court ruled that DNA testing did not meet acceptable scientific standards; or
> (ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or
> (iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;
> (b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and
> (c) Comply with all other procedural requirements established by court rule.
> (3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.
> (4) Upon written request to the court that entered a judgment of conviction, a convicted person who demonstrates that he or she is indigent under RCW 10.101.010 may request appointment of counsel solely to prepare and present a

ORDER DNA testing of any and all material in the above-mentioned case that was preserved by Law Enforcement, or any agency investigating this matter.

Clerk's Papers (CP) at 35. Although Bolden cited to RCW 10.73.170 in this sentence of his motion, Bolden offered no discussion of the statutory factors relevant to a motion for post-conviction DNA testing as provided for in the statute. Instead, Bolden argued the State had a constitutional obligation to ensure testing for any exculpatory evidence, the lack of DNA evidence prevented a factual basis for his plea, and his actual innocence.

The superior court transferred Bolden's motion to this court for consideration as a personal restraint petition under CrR 7.8(c)(2). On October 2, 2023, we rejected the transfer and returned the motion to the superior court for further action; a certificate of finality regarding the order rejecting the transfer of Bolden's motion for post-conviction DNA testing was entered on December 8.

On October 24, 2023, Bolden filed a motion for appointment of counsel citing the Sixth Amendment to the United States Constitution and CrR 3.1. Bolden also filed a "Motion Requesting Brady Order" and a motion for a Zoom hearing. CP at 56.

---

motion under this section, and the court, in its discretion, may grant the request. Such motion for appointment of counsel shall comply with all procedural requirements established by court rule.

(5) DNA testing ordered under this section shall be performed by the Washington state patrol crime laboratory. Contact with victims shall be handled through victim/witness divisions.

(6) Notwithstanding any other provision of law, upon motion of defense counsel or the court's own motion, a sentencing court in a felony case may order the preservation of any biological material that has been secured in connection with a criminal case, or evidence samples sufficient for testing, in accordance with any court rule adopted for the preservation of evidence. The court must specify the samples to be maintained and the length of time the samples must be preserved.

On January 12, 2024, the superior court, after reviewing Bolden's motions and Bolden's court file, denied Bolden's motion for post-conviction DNA testing because Bolden did not meet any of the requirements of the statute governing post-conviction DNA testing, RCW 10.73.170. The superior court also denied Bolden's request for appointment of counsel, ruling:

> While generally, criminal defendants have a right to counsel, "[t]here is no constitutional right to counsel in postconviction proceedings." *See State v. Lynn*, 57342-3-II, 2023 WL 6122857, at *4 ((Unpublished) Wash. Ct. App. Sept. 19, 2023) quoting *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390, 972 P.2d 1250 (1999); *see State v. Padgett*, Wn. App. 2d 851, 855, 424 P.3d 1235 (2018). The matters raised by the defendant's motions are not supported by any rational argument in the law or fact are, therefore, frivolous.

CP at 67. The superior court also denied Bolden's motion for a *Brady* order and for a Zoom hearing.

Bolden appeals.

ANALYSIS

On appeal, Bolden argues that the superior court erred by denying his motion for appointment of counsel because the statutory provision allowing for appointment of counsel related to post-conviction DNA motions, RCW 10.73.170(4), is unconstitutionally vague. The State argues that Bolden's challenge to RCW 10.73.170(4) is waived because it is being raised for the first time on appeal. We agree with the State and decline to address Bolden's challenge to RCW 10.73.170(4).

Under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a)(3) provides an exception for a "manifest error affecting a constitutional right." However, Bolden makes no attempt to argue that this exception applies.

Instead, Bolden argues that RAP 2.5 does not affect review of his challenge to RCW 10.73.170(4) because "the motion for appointment of counsel was linked to Bolden's petition for post-conviction DNA testing," the same statute provides for both post-conviction DNA testing and appointment of counsel to present such motions, and the superior court referenced Bolden's motion when denying Bolden's request for counsel. Reply Br. of Appellant at 2. These arguments are unpersuasive.

Here, although Bolden made a bare citation to RCW 10.73.170 in his motion for post-conviction DNA testing, Bolden did not cite to RCW 10.73.170(4) in his motion to appoint counsel. Instead, to support his request for appointment of counsel, Bolden affirmatively stated that his motion to appoint counsel was based on the constitutional right to counsel. And whether Bolden had the constitutional right to counsel to pursue his post-conviction motions was specifically the issue decided in the superior court's order.

Nothing in the pleadings filed below show that Bolden was filing a motion to appoint counsel under RCW 10.73.170(4), or that the appointment of counsel issue was addressed or decided by the superior court based on RCW 10.73.170(4). Therefore, Bolden's challenge to RCW 10.73.170(4) is raised for the first time on appeal without providing this court with any reason for addressing the issue for the first time on appeal. Accordingly, pursuant to RAP 2.5(a), we decline to address Bolden's challenge to RCW 10.73.170(4).

We affirm the superior court's order denying Bolden's post-conviction motions.

No. 60210-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, C.J.